**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| BRENDA JOYCE MOORE, | ) | NO. ED CV 13-885-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY, | ) | **AND ORDER OF REMAND** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on May 24, 2013, seeking review of the Commissioner's denial of disability benefits. The parties filed a consent to proceed before a United States Magistrate Judge on June 17,

2013.  Plaintiff filed a motion for summary judgment on October 30, 2013.  Defendant filed a motion for summary judgment on November 29, 2013.  The Court has taken the motions under submission without oral argument.  See L.R. 7-15; Minute Order, filed May 29, 2013.

## BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

Plaintiff asserts disability based on a combination of alleged exertional and non-exertional impairments (Administrative Record ("A.R.") 10-350).  Plaintiff testified to physical and emotional symptomatology of disabling severity (A.R. 28-31; see also 126-44; 158-61).  Plaintiff's son gave potentially corroborating testimony (A.R. 31-34).  Plaintiff's daughter submitted a potentially corroborating written statement (A.R. 145-52).

An Administrative Law Judge ("ALJ") found Plaintiff has severe physical and psychological impairments, but the ALJ also found Plaintiff could perform a limited range of light work (A.R. 12-18). The ALJ deemed Plaintiff's contrary testimony not credible (A.R. 14, 16).  The Appeals Council denied review (A.R. 1-3).

## STANDARD OF REVIEW

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards.  See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue,

499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006).

## DISCUSSION

**I. The ALJ Materially Erred in Connection with the Issue of Plaintiff's Credibility.**

When an ALJ finds that a claimant's medically determinable impairments reasonably could be expected to cause the symptoms alleged, the ALJ may not discount the claimant's testimony regarding the severity of the symptoms without making "specific, cogent" findings, supported in the record, to justify discounting such testimony. Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); see Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Varney v. Secretary, 846 F.2d 581, 584 (9th Cir. 1988).[1] Generalized, conclusory findings do not suffice. See Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004) (the ALJ's credibility findings "must be

---

[1] In the absence of evidence of "malingering," most recent Ninth Circuit cases have applied the "clear and convincing" standard. See, e.g., Molina v. Astrue, 674 F.3d 1104 (9th Cir. 2012); Taylor v. Commissioner of Social Security Admin., 659 F.3d 1228, 1234 (9th Cir. 2011); Valentine v. Commissioner, 574 F.3d 685, 693 (9th Cir. 2009); Ballard v. Apfel, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting cases). In the present case, the ALJ's findings are insufficient under either standard, so the distinction between the two standards (if any) is academic.

sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony") (internal citations and quotations omitted); Holohan v. Massanari, 246 F.3d 1195, 1208 (9th Cir. 2001) (the ALJ must "specifically identify the testimony [the ALJ] finds not to be credible and must explain what evidence undermines the testimony"); Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996) ("The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion."); see also Social Security Ruling 96-7p.

In the present case, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms" (A.R. 14). Under the above authorities, this finding mandated that the ALJ either accept Plaintiff's testimony regarding the severity of the symptoms or state "specific, cogent" findings, supported in the record, to justify discounting such testimony. The ALJ did neither. Instead, the ALJ discounted Plaintiff's testimony while initially stating a general conclusion and then later stating specific findings which are manifestly non-cogent. The ALJ initially stated the general conclusion that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment" (A.R. 14). Such a general conclusion does not satisfy the specific findings requirement. See Moisa v. Barnhart, 367 F.3d at 885; Holohan v. Massanari, 246 F.3d at 1208; Smolen v. Chater, 80 F.3d at 1284; see also Spytek v. Astrue, 2010 WL 3584549, at *5 (W.D. Wash. Aug. 12,

2010), <u>adopted</u>, 2010 WL 3584546 (W.D. Wash. Sept. 10, 2010) (ALJ erred by stating in a conclusory fashion that the claimant's "statements concerning the intensity, persistence, and limiting effects of those symptoms were not credible to the extent they were inconsistent with the ALJ's residual functional capacity finding," although the ALJ implied that the claimant's statements were "not substantiated by objective medical evidence").  The only specific reasons expressed in ALJ's decision for discounting Plaintiff's subjective symptom testimony are contained in the ALJ's later statement that "[t]he undersigned cannot fully credit the function report statements and testimony that [Plaintiff] can hardly perform any daily activities <u>because she had good hygiene during the evaluations with Dr. Bagner and did not demonstrate uncontrolled crying</u>" (A.R. 14) (emphasis added).  Dr. Bagner, a consultative psychiatrist, saw Plaintiff once in 2008 and once in 2010 (A.R. 188, 244).  The fact, if it is a fact, that Plaintiff had "good hygiene" and did not cry uncontrollably on these two occasions manifestly fails to provide a cogent reason for discounting all of Plaintiff's subjective symptom testimony, including her testimony that her back hurts all the time, she cannot concentrate, she has no energy, and she is depressed all the time (<u>see</u> A.R. 28-30).

In between the ALJ's stated general conclusion and the specific but non-cogent reasons stated for discounting Plaintiff's credibility, the ALJ summarized some of the medical reports (A.R. 14-16).  These report summaries do not satisfy the specific findings requirement. <u>See</u> <u>id.</u>; <u>see also</u> <u>Gonzalez v. Sullivan</u>, 914 F.2d 1197, 1201 (9th Cir. 1990) ("We are wary of speculating about the basis of the ALJ's

conclusion . . ."); Lewin v. Schweiker, 654 F.2d 631, 634-35 (9th Cir. 1981) (ALJ's decision should include a statement of the subordinate factual foundations on which the ALJ's ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision); Coronado v. Astrue, 2011 WL 3348066, at *8 (E.D. Cal. Aug. 2, 2011) (where the reasons for the ALJ's credibility determination were uncertain, and the determination overlapped and blended with the ALJ's discussion of the medical record, remand was appropriate). In any event, an ALJ may not rely exclusively on the objective medical evidence in rejecting a claimant's credibility. Varney v. Secretary, 846 F.2d at 584; Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) ("lack of medical evidence" can be "a factor" in rejecting credibility, but cannot "form the sole basis").

Defendant attempts to glean from the ALJ's decision other "reasons" for discounting Plaintiff's testimony regarding the severity of the symptoms. See Defendant's Motion at 6-8. The ALJ's decision does not specifically state that any of the other "reasons" Defendant gleans from the ALJ's decision actually underpinned the ALJ's credibility determination. The ALJ's decision does not even mention some of these "reasons," such as Defendant's statement that "none of Plaintiff's treatment records or examination reports indicated a problem with incontinence" or Defendant's statement that "Dr. Bagner reported in 2008 that . . . Plaintiff . . . exhibited tight thought processes; had adequate concentration and memory to register one out of three objects after five minutes and do serial threes . . . and denied suicidal or homicidal ideation" (Defendant's Motion at 6-7).

Further, some of the "reasons" gleaned by Defendant are factually inaccurate. Defendant asserts "Plaintiff's son testified that Plaintiff was able to . . . shop for groceries and do laundry" (Defendant's Motion at 8). In fact, Plaintiff's son gave no such testimony (A.R. 31-34). To the contrary, Plaintiff's son testified that <u>he</u> did the laundry and <u>he</u> usually did the grocery shopping (A.R. 34). Whether accurate or inaccurate, the "reasons" gleaned by Defendant but not specifically and expressly stated by the ALJ as the reason(s) for the credibility determination cannot properly form the basis for a judicial affirmance of the credibility determination. <u>See</u> <u>Connett v. Barnhart</u>, 340 F.3d 871, 874 (9th Cir. 2003) ("<u>Connett</u>") (district court erred by relying on reasons for discounting claimant's testimony other than the reasons stated by the ALJ, even though the record supported the reasons on which the district court had relied); <u>Pinto v. Massanari</u>, 249 F.3d 840, 847 (9th Cir. 2001) (court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision"); <u>Watts v. Astrue</u>, 2012 WL 2577525, at *8-9 (E.D. Cal. July 3, 2012) (remand required where ALJ's decision discussed the evidence potentially bearing on the claimant's credibility, but "provide[d] no discussion how this evidence impacted the ALJ's view of Plaintiff's credibility").

**II. The ALJ Materially Erred in Connection With the Issue of the Lay Witnesses' Credibility.**

In evaluating the credibility of a claimant's assertions of functional limitations, the ALJ must consider lay witnesses' reported observations of the claimant. <u>See</u> <u>Stout v. Commissioner</u>, 454 F.3d

1050, 1053 (9th Cir. 2006); Regennitter v. Commissioner, 166 F.3d 1294, 1298 (9th Cir. 1999); see also SSR 96-7p ("the adjudicator must consider the entire case record, including . . . information provided by . . . other persons about the symptoms and how they affect the individual."). "[F]amily members in a position to observe a claimant's symptoms and daily activities are competent to testify as to [the claimant's] condition." Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993); 20 C.F.R. § 404.1513(d)(4) (observations by "non-medical sources" such as "spouses, parents and other caregivers" may be used to "show the severity of your impairment(s) and how it affects your ability to work"). "[T]he ALJ can reject the testimony of lay witnesses only if he gives reasons germane to each witness whose testimony he rejects." Smolen v. Chater, 80 F.3d at 1288; see Taylor v. Commissioner, 659 F.3d at 1234. "Further, the reasons 'germane to each witness' must be specific." Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2009).[2]

In the present case, the ALJ failed to state "specific" reasons "germane" to the rejection of the testimony of Plaintiff's son or the written statements of Plaintiff's daughter. Defendant argues, inter

---

[2] Most of the above-cited authorities speak in terms of the "testimony" of lay witnesses. The standards discussed in these authorities, however, "appear equally applicable to written statements" submitted by lay witnesses. Hendrix v. Astrue, 2010 WL 60959, at *10 (C.D. Cal. Jan. 4, 2010); accord Hughes v. Commissioner, 403 Fed. App'x 218, 221 (9th Cir. 2010) (applying to written statements by lay witnesses the same standards applicable to testimony by lay witnesses); cf. Schneider v. Commissioner, 223 F.3d 968, 974-75 (9th Cir. 2000) (ALJ should have considered letters submitted by claimant's friends and ex-employers in evaluating severity of claimant's functional limitations).

alia, that the ALJ properly rejected these witnesses' evidence for the same reasons the ALJ discounted Plaintiff's credibility (Defendant's Motion at 9). Defendant's argument must fail if only because, as previously discussed, the ALJ failed to state legally sufficient reasons for discounting Plaintiff's credibility. See Robbins v. Social Security Administration, 466 F.3d 880, 885 (9th Cir. 2006) (ALJ's failure to account for a son's potentially corroborating testimony held to be material error "[b]ecause the ALJ did not make a legally sufficient adverse credibility finding with regard to [the claimant's] own testimony").

Furthermore, when the ALJ did mention the testimony of Plaintiff's son, the ALJ materially mischaracterized the testimony. The ALJ stated that Plaintiff's son testified Plaintiff is able to "shop for groceries, and do the laundry" (A.R. 14). As previously discussed, Plaintiff's son gave no such testimony and, in fact, testified that he did the laundry and he usually did the grocery shopping (A.R. 34). The ALJ's inaccurate characterization of the evidence constitutes an additional material error. See Regennitter v. Commissioner, 166 F.3d at 1297.

**III. Remand is Appropriate.**

Because the circumstances of the case suggest that further administrative review could remedy the ALJ's errors, remand is appropriate. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); see Connett, 340 F.3d at 876 (remand is an option where the ALJ fails to state sufficient reasons for rejecting a claimant's excess symptom

testimony); but see Orn v. Astrue, 495 F.3d 625, 640 (9th Cir. 2007) (appearing, confusingly, to cite Connett for the proposition that "[w]hen an ALJ's reasons for rejecting the claimant's testimony are legally insufficient and it is clear from the record that the ALJ would be required to determine the claimant disabled if he had credited the claimant's testimony, we remand for a calculation of benefits") (quotations omitted); see also Vasquez v. Astrue, 572 F.3d 586, 600-01 (9th Cir. 2009) (agreeing that a court need not "credit as true" improperly rejected claimant testimony where there are outstanding issues that must be resolved before a proper disability determination can be made); see generally INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, except in rare circumstances).

**CONCLUSION**

For all of the foregoing reasons, Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: December 9, 2013.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE